IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03665-PAB-KMT

ROSE A. HOLLOWAY,

      Plaintiff,

v.

FREEMONT COUNTY RE-1/CANON CITY HIGH SCHOOL,

      Defendant.

---

## ORDER ACCEPTING MAGISTRATE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 47]. The Recommendation addresses defendant's Partial Motion to Dismiss [Docket No. 15]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

## I. BACKGROUND[1]

Plaintiff was employed as a teacher at Cañon City High School in Freemont County RE-1 beginning in August 2018. *See* Docket No. 1 at 7, ¶ 6. She alleges that she had no issues at the school or with her employment initially. *See id.* at 8, ¶ 9. However, once persons at the school learned of her race, she began to experience discrimination. *See id.* The school placed her on a performance improvement plan even though the "areas of concern were exaggerated, or were clearly false." *See id.*,

---

[1] Because defendant makes a facial attack to the Court's subject matter jurisdiction, the Court assumes that the allegations in plaintiff's complaint are true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

¶ 11.  In February, 2019, the school administration forced her to resign or risk receiving bad reviews and recommendations.  *See id.* at 9, ¶¶ 14-16.  On December 23, 2019, plaintiff filed suit, alleging: (1) discrimination in violation of Title VII of the Civil Rights Act, (2) retaliation in violation of the same, and (3) a common law claim of wrongful discharge in violation of public policy.  *See id.* at 9-12.

On March 23, 2020, defendant filed a partial motion to dismiss plaintiff's third claim pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Docket No. 15. Magistrate Judge Tafoya issued a recommendation on defendant's motion on May 12, 2020.  *See* Docket No. 47.  Plaintiff filed her objection on May 26, 2020, *see* Docket No. 50, to which defendant responded.  *See* Docket No. 52.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe her objections and pleadings liberally without serving as her advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  To the extent a defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).  "Reference to evidence outside the pleadings does not convert the motion to

dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Because plaintiff is pro se, the Court construes her pleadings liberally. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## III.  ANALYSIS

Magistrate Judge Tafoya recommends that plaintiff's state law claim for wrongful discharge be dismissed for lack of subject matter jurisdiction. *See* Docket No. 47 at 6. Specifically, the magistrate judge concluded that plaintiff did not comply with the notice requirements of the Colorado Governmental Immunity Act ("CGIA") and, as a result, plaintiff failed to establish that the Court has jurisdiction over her wrongful discharge claim. *See id.* at 5-6.

Plaintiff objects, arguing that she has submitted, or is now submitting, evidence that she complied with the CGIA. *See* Docket No. 50 at 1-3; *see also id.* at 3 ("I am pleading compliance with the CGIA."). Plaintiff has also submitted a document she styles as a "motion for reconsideration." *See generally* Docket No. 59. However, that document was filed far past the deadline to object to the magistrate judge's recommendation and largely contains the same arguments found in plaintiff's timely objection. *See id.*

As an initial matter, plaintiff's arguments fail to address the issue identified in the magistrate's recommendation, that is, plaintiff failed to plead compliance with the CGIA

4

in her complaint.  As a result, plaintiff's argument is not specific enough to warrant de novo review.  *See 2121 E. 30th St.*, 73 F.3d at 1059.  Nevertheless, even under de novo review, the Court finds no error with the magistrate judge's recommendation.

Under the CGIA, a party who suffers a tort by a public entity, such as a public school, is required to file a "written notice . . . within one hundred eighty-two days after the date of the discovery of the injury."[2]  *See* Colo. Rev. Stat. § 24-10-109(1). "Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article."  *See id.*; *see also Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1255-56 (Colo. 2003) (noting that the notice requirement in subsection 1 is jurisdictional).  Wrongful discharge in violation of public policy is a tort in Colorado and, therefore, plaintiff must comply with the provisions of the CGIA.  *Cf. Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 104-05 (Colo. 1992) (identifying wrongful discharge as a tort and finding it cognizable in Colorado).  Even with a liberal construction of plaintiff's complaint, however, there are no allegations that she complied with the CGIA.  *See* Docket No. 1 at 11-12.  In her

---

[2] Plaintiff, in her reply to the motion to reconsider, argues that she has "not made claims for which the CGIA provides" protection because she requests "non-compensatory equitable relief."  *See* Docket No. 61 at 2.  While plaintiff is correct that back pay under the Title VII of Civil Rights Act is not subject to the CGIA, *see City of Colorado Springs v. Conners*, 993 P.2d 1167, 1174-76 (Colo. 2000), defendant's motion is directed at her wrongful discharge claim, not her Title VII claim.  Plaintiff provides no support for the proposition that a claim for wrongful discharge is not covered by the CGIA, even if she only requested equitable relief.  Moreover, plaintiff raises this argument for the first time in reply and thus has waived the argument by failing to assert it in either her objection to the magistrate's recommendation or her motion to reconsider.  *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply brief." (citation omitted)).

objection, plaintiff cites portions of her complaint, *see* Docket No. 50 at 2, but those sections do not contain any allegations regarding the CGIA. *See id.* Plaintiff does not argue that she pleaded compliance in her complaint. *See id.* Rather, plaintiff contends that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and that she is now "pleading compliance with the CGIA." *See id.* at 3. But filing a complaint with the EEOC and alleging compliance with the CGIA in an objection to a magistrate judge's recommendation is not the same as pleading compliance in her complaint. *See Vreeland v. Vigil*, No. 18-cv-03165-PAB-SKC, 2020 WL 1303284, at *2 (D. Colo. Mar. 19, 2020) (concluding that notice must be pled in the complaint). Because plaintiff failed to plead compliance with the CGIA in her complaint, there is no error in the magistrate judge's recommendation.[3]

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 47] is accepted. It is further

**ORDERED** that the Defendant's Partial Motion to Dismiss [Docket No. 15] is

---

[3] The Court notes that the burden for pleading compliance is minimal: "the pleading need not provide details. Generally, an allegation such as . . . 'Plaintiff fully complied with the provisions of Colo. Rev. Stat. section 24-10-109'" is sufficient. *See Scott v. Cary*, 829 F. App'x 334, 337 (10th Cir. 2020) (unpublished) (citations and quotations omitted). While failure to comply with the CGIA "shall forever bar" an action that falls within its gamut, *see* Colo. Rev. Stat. § 24-10-109(1), failure to simply plead compliance will not. Because it is unclear whether plaintiff will be unable to cure this pleading deficiency, plaintiff's third claim will be dismissed without prejudice. *See Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003); *Vreeland v. Fisher*, No. 13-cv-02422-PAB-KMT, 2014 WL 4854739, at *8 (D. Colo. Sept. 29, 2014).

**GRANTED**.  It is further

**ORDERED** plaintiff's third claim for relief is **DISMISSED** without prejudice.


DATED February 23, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge